BOLAN, APPELLANT, *v.*
ADAMS, APPELLEE.

(No. 1114—Decided June 25, 1984.)

*Joseph T. Svete,* for appellant.
*David E. Lowe,* for appellee.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Geauga County in which, after a trial by jury, judgment was rendered for defendant-appellee.

On December 4, 1980, plaintiff-appellant was injured as a result of a traffic accident involving the appellee's automobile. On the night of the accident, the appellant was walking down the middle of U.S. Route 6, an unlit two-lane highway.

Appellant's counsel stated in part as follows in the opening statement:

"Sometime during her life span, her husband, I guess, started drinking. Molly started drinking. Molly developed a drinking problem, somewhat severe in 1971 or so. Her husband died in 1971. She stopped drinking for a year or two. Then after her husband died, she was pretty well alone. The children grew up,

left the nest. She was left by herself. She again turned to drinking.

"You will hear a number of witnesses tell us the degree of drinking. I'm not prepared to tell you that she was drunk every night. I'm not here prepared to tell you that she was a social drinker. That's something you will have to determine, but that's not the issue, and I think this is the issue, and this is what we want you to understand, although the defendant may make that be the principle [*sic*] issue.

"The issue is: At the time of the accident, we admit that she was negligent. She was on the road. We don't know whether she was crossing the road or she was standing on the road at this point. As I said, she's not here to help us. We also admit that she had been drinking that evening before the accident, but we submit, ladies and gentlemen of the jury, the evidence will show that the defendant's negligence was much greater than her negligence, and that is why we are here today."

The case was tried under the comparative negligence statute. The jury rendered a verdict assessing the appellant with sixty-two percent of the negligence and the appellee with thirty-eight percent. Judgment was rendered for appellee on the jury verdict. This appeal followed.

The assignments of error are as follows:

"1. The trial court erred in admitting evidence of character, reputation, and habit of the plaintiff.

"2. The trial court erred in admitting the testimony of a witness admonishing and warning the plaintiff and her children regarding the plaintiff's drinking and past road behavior."

The appellant's first and second assignments of error will be discussed together. They are well-taken.

The appellant contends that the trial court improperly applied Evid. R. 406. That rule states:

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

Evid. R. 406 governs the admissibility of habit as evidence. The rule does not define "habit." The Ohio rule is identical to Fed. R. Evid. 406. Thus, while the admissibility of habit is established, these evidence rules do not address the question of what is habit.

The federal rule cites McCormick in the advisory committee notes:

"* * * A habit, on the other hand, is the person's regular practice of meeting a particular kind of situation with a specific type of conduct . . . . The doing of the habitual acts may become semi-automatic." McCormick, Evidence (2 Ed. Cleary Ed. 1972) 462-463, Section 195.

Wigmore is also helpful in defining what constitutes habit:

"* * * If we conceive it [habit] as involving an invariable regularity of action, there can be no doubt that this fixed sequence of acts tends strongly to show the occurrence of a given instance. But in the ordinary affairs of life, a habit or custom seldom has such an invariable regularity. Hence, it is easy to see why in a given instance something that may be loosely called habit or custom should be rejected because it may not in fact have sufficient regularity to make it probable that it would be carried out in every instance or in most instances. Whether or not such sufficient regularity exists must depend largely on the circumstances of each case." Wigmore, Evidence (Chadbourn Rev. 1983) 1608-1609, Section 92.

Ohio case law generally follows this analysis. *Hartman* v. *Toledo Ry. & Light Co.* (1917), 7 Ohio App. 296, quotes Wigmore with approval. While this particular case is an old one, Ohio's approach to what constitutes habit has not changed; only the approach as to admissibility has been broadened. Evid. R. 406, Staff Notes.

As additional support, the Revised Uniform Rules of Evidence included a proposed definition:

"Habit or routine practice may be proved by testimony in the form of an opinion or by sufficient instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine."

This section was deleted by Congress because the Judiciary Committee felt that the method of proof as to habit and routine practice should be left to the courts to deal with on a case by case basis. Fed. R. Evid. 406, Report of House Judiciary Committee. Thus, the record in each individual case should be examined in order to establish habit and determine its admissibility.

A review of the record reflects that the witness' testimony did not establish a regular or routine practice by appellant. Her testimony merely confirmed that appellant had a drinking problem. There is nothing in the record to show that this witness observed appellant walking on the road on a regular basis. The witness testified as to one or two isolated occurrences she personally observed. Any other reference to appellant was based on hearsay. As there was never a sufficiently regular practice established, it was error to admit Miss Kovach's testimony. McCormick, *supra;* Wigmore, *supra.* The error was prejudicial as this was a significant factor to be considered by the jury when applying Ohio's comparative negligence statute.

Thus, while habit is admissible evidence, the routine or practice must be based on a proper predicate before it is permitted. Because the witness' testi-

mony was improperly included, we must reverse and remand for a new trial.

*Judgment reversed and
cause remanded.*

Cook, P.J., and Ford, J., concur.