**The STATE of Ohio, Appellee,**

v.

**HOHMAN, Appellant.**

[Cite as *State v. Hohman* (1991), 81 Ohio App.3d 80.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004922.

Decided July 31, 1991.

*Gregory A. White*, Prosecuting Attorney, for appellee.
*Robert A. Nagy*, for appellant.

Cacioppo, Judge.

Appellant, Clifford J. Hohman, appeals from his conviction on one count of felonious assault, in violation of R.C. 2903.11(A)(1). Hohman asserts five assignments of error. We affirm.

### Assignment of Error No. I

"The trial court erred in admitting evidence of so called 'mace tests' conducted by Police Officer Baxter."

Hohman contends that the trial court erred by permitting a police officer to testify regarding an experiment he performed to determine the time period required for traces of mace to dissipate.  The officer's testimony was that he sprayed himself with mace on two separate occasions to observe how long it would take for the smell of the substance to dissipate after the area of skin sprayed was washed.  The evidence appears to have been elicited by the prosecution in an effort to counter evidence produced by the defense that shortly after the alleged assault, Hohman did not smell of mace, which was sprayed upon the assailant.

■ The admission or rejection of evidence concerning out-of-court experiments is a matter within the peculiar discretion of the trial court, and a reviewing court will not interfere absent an abuse of discretion.  *Columbus v. Taylor* (1988), 39 Ohio St.3d 162, 529 N.E.2d 1382, paragraph one of the syllabus.  Evidence of such experiments is admissible if there are sufficient similarities to the conditions at issue.  *McQueen v. Goldey* (1984), 20 Ohio App.3d 41, 49, 20 OBR 44, 51, 484 N.E.2d 712, 720.

■ A review of the testimony in question reveals that there was no abuse of discretion by the trial court.  An abuse of discretion is more than an error of law or judgment; it connotes an arbitrary, unreasonable or unconscionable attitude on the part of the trial court.  *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 148.  In the case *sub judice*, there is no evidence of such an attitude on behalf of the trial court.  Given the fact that the assailant was sprayed with mace and that a defense witness testified that he did not notice mace on Hohman shortly after the attack, the court could properly refuse to exclude the evidence as the similarities were sufficient to render the officer's testimony regarding the experiment admissible.

Accordingly, the first assignment of error is overruled.

### Assignment of Error No. II

"The trial court committed an error of law, constituting plain error, by refusing to admit evidence of habit or routine practice or course of conduct, thus not permitting defendant's alibi to be fully developed."

Evid.R. 406 provides:

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

■ For evidence to be admissible under Evid.R. 406, the testimony must establish a regular or routine practice. *Bolan v. Adams* (1984), 19 Ohio App.3d 206, 207, 19 OBR 349, 350, 483 N.E.2d 1187, 1189. Evidence must actually rise to the level of habit or its use is contrary to Evid.R. 404(B), excluding evidence of other acts to show that someone acted in conformity with those acts on the occasion in the instant case. *Cardinal v. Family Foot Care Centers, Inc.* (1987), 40 Ohio App.3d 181, 182, 532 N.E.2d 162, 163.

■ Hohman attempted to establish that he arrived for a doctor's appointment before 9:00 a.m. on the day the assault occurred, leading to the conclusion that he had not committed the assault, which occurred between 8:30 a.m. and 9:00 a.m. Hohman attempted to establish this through the habits of his doctor, another patient, and a nurse, contending that their habits would prove that Hohman arrived at the doctor's office before 9:00 a.m.

A review of the testimony of the witnesses in question does not support Hohman's contention. Hohman attempted to establish that Evard Hopkins, another patient, had a habit of arriving for his appointments before 9:00 a.m., and that the fact that Hohman's signature appeared before Hopkins' on the sign-in sheet was an indication of Hohman's earlier arrival. Hopkins, however, on cross-examination, admitted that he never arrived later than 9:30 a.m.

A review of the nurse's testimony reveals that it was primarily based upon Hopkin's alleged punctuality. In light of Hopkins own admissions, the value of this testimony is questionable. The doctor's testimony is equally deficient in that he admitted to arriving at any time between 7:30 a.m. and 9:30 a.m. to commence the day's business.

In light of these flaws in the testimony relied upon by Hohman, the trial court could properly limit testimony into the witnesses' habits, rather than to permit the violation of Evid.R. 404(B).

The second assignment of error is overruled.

### Assignment of Error No. III

"Error was committed by the trial court permitting the state to present rebuttal evidence of other crimes and was compounded by admitting same after the state had rested its case."

Hohman asserts that the trial court erred in permitting the state to reopen its case and submit evidence concerning an alleged assault by Hohman which occurred approximately one month after the assault in the case at bar.

■ Rebuttal testimony is properly offered to refute evidence offered by the adversary. *State v. Hutchison* (Dec. 14, 1988), Summit App. No. 13626, unreported, 1988 WL 134289. Evid.R. 611(A) further provides:

"(A) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence * * *."

Given Hohman's contention that he was physically unable to perform the assault at the time it occurred, it was proper for the trial court to permit the testimony concerning the assault that allegedly occurred approximately one month later to counter Hohman's defense. Used in this manner, the testimony did not violate Evid.R. 608.

Accordingly, the third assignment of error is overruled.

### Assignments of Error Nos. IV and V

"IV. The trial court erred by denying defendant's motion for judgment of acquittal under Criminal Rule 29 at the close of all of the evidence.

"V. The trial court erred in denying defendant's motion for judgment of acquittal and/or motion for new trial as a matter of law."

A court shall not enter a judgment of acquittal if evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. The purpose of a motion of acquittal is to test the sufficiency of evidence and when such evidence is insufficient, to take the case from the jury. *Dayton v. Rodgers* (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 403, 398 N.E.2d 781, 782.

We have reviewed the record at bar and conclude that there was sufficient evidence to prove that Hohman knowingly caused physical harm to Robert Lowe.

Hohman further contends that an acquittal should have been granted based upon his alibi, physical inability to perpetrate the assault, and the possibility of mistaken identity. In the case at bar, these were issues of credibility. The credibility of the witnesses is primarily for the trier of the facts. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Given the evidence before the jury, this court cannot conclude that the trial court's refusal to grant the motions for acquittal was improper.

Hohman lastly contends that a new trial should have been granted due to insufficient evidence and the trial court's alleged error in refusing to admit the testimony regarding habit. As we have previously determined that there was sufficient evidence, and that the trial court's rulings concerning the habit evidence were not improper under Evid.R. 406, Hohman's arguments in this regard are without merit.

The fourth and fifth assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.