The STATE of Ohio, Appellee,

v.

PERRY, Appellant.

[Cite as *State v. Perry* (1996), 108 Ohio App.3d 709.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17279.

Decided Jan. 24, 1996.

*Max Rothal,* Law Director, and *Brian Zwaig,* Assistant Law Director, for appellee.

*David M. Lowry,* for appellant.

REECE, Judge.

Appellant, Kevin Perry, appeals his convictions for operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), failing to yield, R.C. 4511.42, and having a prohibited blood-alcohol concentration, R.C. 4511.19(A)(3). We affirm.

In the early morning hours of October 21, 1994, Kevin Perry drove through Springfield Township. At the intersection of Meyersville and Killian Roads, Perry crashed into a vehicle driven by James Tekavec. While Perry was treated at Akron City Hospital, an officer from the Ohio Highway Patrol conducted an investigation there. The officer smelled alcohol on Perry's breath. A test

conducted on Perry's blood serum indicated a blood-alcohol concentration of 0.19, in violation of the legal limit of 0.10. The officer arrested Perry for driving under the influence of alcohol, failing to yield and having a prohibited blood-alcohol concentration.

On appeal, Perry raises five assignments of error. He contends that (1) the trial court incorrectly overruled his motion to suppress evidence because the drug tests were not performed in accordance with Ohio Department of Health regulations; (2) the trial court improperly admitted hospital records because the records lacked authentication; (3) the trial court improperly allowed a witness to testify beyond the scope of rebuttal testimony; (4) the trial court erred by allowing the rebuttal witness to testify about the results of the blood-alcohol test; and (5) the trial court improperly allowed into evidence the results of a serum test.

Perry's first and fifth assignments of error are interrelated. Therefore, this court addresses them together. In these assignments of error Perry contends that the trial court improperly denied his motion to suppress evidence of the results of his drug test. Perry argues that the tests were completed in violation of several regulations of the Ohio Department of Health. Because these regulations were not followed, the results became "tainted" to such a degree that the trial court could only exclude them from evidence.

▪ Perry's first argument centers on the test of his blood serum. At the hearing on the motion to suppress, a lab technician testified that he performed the blood-alcohol test on Perry's blood serum, not his whole blood. Perry contends that the test required the use of his whole blood, and not serum, pursuant to administrative regulations.

Ohio Adm.Code 3701–53–01(A) states:

"Tests to determine the concentration of alcohol may be applied to blood, urine, breath, or *other bodily substances*." (Emphasis added.)

Furthermore, according to R.C. 4511.19(D):

"(1) In any criminal prosecution * * * for a violation of this section * * * the court may admit evidence on the concentration of alcohol * * * in the defendant's blood, breath, urine, or *other bodily substance* at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or *other bodily substance* withdrawn within two hours of the time of the alleged violation." (Emphasis added.)

▪ On a pretrial motion to suppress the results of a blood-alcohol test, the state has the burden of proving that the test was conducted in accordance with established law. *State v. Mays* (1992), 83 Ohio App.3d 610, 612, 615 N.E.2d 641,

642. The trial court shall admit the tests into evidence if the state can show substantial compliance with Department of Health regulations. *Id.* at 613, 615 N.E.2d at 643, citing *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902. In the present case, a reading of both the Revised Code and the regulations contained in the Administrative Code clearly indicate that the test given to Perry could be performed on more than just his whole blood. Because there is no dispute that his blood serum constituted a "bodily substance," the trial court properly overruled the motion to suppress.

In his second argument, Perry contends that the state violated Ohio Adm.Code 3701–53–05(C), which provides:

"Blood shall be drawn with a:

"(1) Sterile dry needle into a vacuum container containing a solid anticoagulant; or

"(2) Sterile dry needle and syringe and deposited into a clean container containing a solid anticoagulant and the container shall then be capped or stoppered."

At the suppression hearing, the nurse who drew the blood serum from Perry testified that she did not use an anticoagulant. Perry contends that the trial court should not have admitted the evidence because of this noncompliance with the regulation. The Court of Appeals for the Second Appellate District, however, has held that the failure to use an anticoagulant does not render the test results inadmissible. *State v. Maudlin* (July 24, 1989), Clark App. No. 2494, unreported, 1989 WL 83920. As the court reasoned, "[t]he use of the anticoagulant is for the benefit of the State so as to prevent the defendant's blood from coagulating (or solidifying) so as not to be receptive to testing." *Id.* Thus, the trial court properly denied the motion to suppress.

Finally, Perry argues that a violation of Ohio Adm.Code 3701–53–07(A) occurred. The section requires a person who conducts a blood-alcohol test to have passed a proficiency examination administered pursuant to Ohio Adm.Code 3701–53–08.

At the suppression hearing, the lab technician testified as follows:

"Q. You talked about proficiency exams. Those proficiency exams are— They're performed by your lab or by the Technicians?

"A. At the time in question—A few years back, the State used to give each Technician their own sample. That's how they'd be certified. They changed that. Now it's the laboratory's certified, not individual Technicians as far as the proficiency testing. As far as certification, each individual Tech is still certified.

"Q. So on the date in question here, the individual Technician had not been doing proficiency exams, the lab had. Can you—

"A. Well, if you're asking me to identify which individual did proficiency testing, I could do that. It—We rotate.

" * * *

"Q. So your feeling would be that since two years ago, the individual Techs haven't done the proficiency exams because the—

"A. Well, no. Individual Techs still do the proficiency testing. It's just a matter of instead of each Tech being tested now, the method is tested. They decided that testing the method and validating the method was sufficient."

Pursuant to this court's standard of review, if the state substantially complies with Department of Health regulations then the trial court properly refuses to suppress evidence of test results. Based on the foregoing testimony, this court determines that the state substantially complied with the proficiency examination requirements. The lab technician testified that the proficiency exams were done but that the state changed the method of examination. Perry did not present evidence as to how the new procedure failed to comply with the regulations. Therefore, the trial court properly overruled the motion to suppress.

In his second assignment of error, Perry contends that the trial court improperly admitted into evidence, because of a lack of authentication, a copy of a hospital record that listed the result of his blood-alcohol test. In his third assignment of error, Perry argues that the trial court erred by allowing a witness to testify outside the scope of rebuttal by authenticating the hospital record. Because these assignments of error deal with the single issue of whether the record was properly admitted, we address them together.

The prosecution offered the hospital record into evidence at the close of the cases-in-chief of both sides. The prosecution did not attempt to authenticate the record. Perry objected to its admission into evidence on the grounds of failure to authenticate. Over Perry's objection, the trial court then permitted the prosecution to call a rebuttal witness, a nurse, to testify as to the authenticity of the record.

The prosecution argues to this court that the trial court properly admitted the record for two reasons. First, the document was self-authenticating. Second, the rebuttal witness properly authenticated the document.

A hospital record can authenticate itself pursuant to R.C. 2317.422. In order for self-authentication to occur, the record must contain a supervisor's signature and his or her attestation indicating the mode and time of preparation and that the record was prepared in the usual course of business. *Id.* Here, the

record did not authenticate itself because it lacked a signature as well as an attestation that it was prepared in the usual course of business.

The record, however, was admissible. During his case-in-chief, Perry presented testimony which countered the prosecution's assertion that he was intoxicated at the time of the accident. His sister-in-law and father-in-law both testified to his sobriety as he left for work. In order to rebut this assertion, the trial court properly allowed the prosecution the opportunity to present the testimony of the nurse who authenticated the record which indicated a blood-alcohol reading above the legal limit.

■ Rebuttal testimony is properly offered to refute evidence offered by the adversary. *State v. Hohman* (1991), 81 Ohio App.3d 80, 83, 610 N.E.2d 473, 475. Furthermore, a trial court enjoys discretion over the control of the presentation of evidence. Evid.R. 611(A). Given the trial court's discretionary authority to control the presentation of evidence, we cannot say that the trial court erred. Perry did introduce evidence tending to establish his sobriety. The trial court properly allowed the prosecution to rebut this defense by admitting the hospital record into evidence.

■ In his fourth assignment of error, Perry contends that the trial court improperly allowed the nurse to testify on rebuttal because she was not the proper person to testify to the matter. During her testimony, Perry never specifically objected on the grounds that the nurse was not the proper person to testify. Consequently, Perry waives his right to assert this argument on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 279.

All of the appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment accordingly.*

BAIRD, P.J., and SLABY, J., concur.