Terry McVey appeals his conviction for operating a motor vehicle while under the influence of alcohol ("OMVI"). McVey asserts that the Athens County Municipal Court should have granted his motion to suppress the results of his breath test. Because the law permits the state to tack the arresting officer's observation time to the testing officer's observation time, we disagree. McVey also asserts that the trial court should have granted his motion to suppress because he was wearing dentures at the time of the test. Because no law or regulation requires the state to prove that the test subject was not wearing dentures at the time of his test, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Athens Police Officer Kyle Groves stopped McVey for speeding and subsequently arrested him for OMVI, a violation of Athens City Code 7.03.07(A)(1) and R.C. 4511.19(A)(1). Officer Groves asked McVey several times whether he had anything in his mouth such as gum or tobacco. McVey replied that he did not have anything in his mouth, though at the time he had his upper plate of dentures in place. Officer Groves placed McVey in handcuffs.
Although Officer Groves was certified to conduct breath testing on the Athens Police Department's Intoxilizer 5000 machine, the machine was being serviced that morning. Therefore, Officer Groves transported McVey to the Ohio State Highway Patrol ("OSHP") Post. There, OSHP Trooper Woodyard administered a breath test on OSHP's BAC Datamaster machine. During the approximately forty minute period between McVey's arrest and his breath test, Officer Groves continuously observed McVey to assure that McVey did not put anything in his mouth. Trooper Woodyard observed McVey for only two to fifteen minutes. Therefore, on the test report form, Trooper Woodyard asked Officer Groves to initial the checklist next to the "observe subject for twenty minutes" requirement.
Neither Officer Groves nor Trooper Woodyard asked McVey if he was wearing dentures before Trooper Woodyard administered the test. McVey's breath test registered a concentration of alcohol in excess of the legal limit pursuant to Athens City Code 7.03.07(A)(3) and R.C. 4511.19(A)(3). Officer Groves then transferred McVey to the Athens Police Station and charged him accordingly under Athens City Code 7.03.07(A)(1) and 7.030. Officer Groves then inquired whether McVey wore false teeth and learned that McVey had worn his upper plate during the breath test.
McVey initially pled not guilty to the OMVI charges. He filed a motion to suppress the results of his breath test on the grounds that he was not observed for twenty minutes prior to testing and on the grounds that his dentures interfered with his test result. The trial court denied McVey's motion. McVey changed his plea to no contest, and the trial court found him guilty.
On appeal, McVey asserts the following assignments of error:
 The trial court erred in finding that the state complied with the requirement of a twenty minute observation period before administering a breath test.
 The trial court erred in allowing breath test results when the appellant was wearing dentures during the test.
 II.
Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. United States v. Martinez
(C.A.11 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility.State v. Carter (1995), 72 Ohio St.3d 545, 552. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. The reviewing court then applies the factual findings to the law regarding suppression of evidence. Where the trial court fails to make factual findings, we look directly to the record to determine "if there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record."State v. Brown (1992), 64 Ohio St.3d 476, syllabus. An appellate court reviews the trial court's application of the law de novo. State v.Anderson (1995), 100 Ohio App.3d 688, 691.
 III.
In his first assignment of error, McVey claims that the trial court erred in finding that the state successfully demonstrated that a certified operator of the testing equipment observed him for twenty minutes. At the hearing on his motion to suppress, McVey focused his argument on the fact that Trooper Woodyard did not observe him for twenty minutes. The state conceded that Trooper Woodyard did not observe McVey for twenty minutes, but contended that it could tack Officer Groves' observation time to Trooper Woodyard's observation time in order to satisfy the twenty-minute requirement.
On a pretrial motion to suppress breath test results, the state has the burden of proving that the test was conducted in accordance with law.Reynoldsburg v. Hamad (Feb. 18, 1999), Franklin App. No. 98AP545, unereported. The trial court should admit the test results into evidence if the state can demonstrate "substantial compliance" with the applicable regulations. State v. Plummer (1986), 22 Ohio St.3d 292; State v. Perry
(1996), 108 Ohio App.3d 709, 712-713. The applicable regulations in this case require that the test subject be observed for twenty minutes prior to testing in order to prevent the oral intake of any material. See Ohio Adm. Code 3701-53-02(B) and appendices A — D.
The Ohio Supreme Court considered whether the twenty-minute observation period may be completed in part by someone other than the administrator of the test. Bolivar v. Dick (1996), 76 Ohio St.3d 216 . The court determined that:
 [w]hen two or more officers, one of whom is a certified operator of the BAC Verifier, observe a defendant continuously for twenty minutes or more prior to the administration of a breath-alcohol test, the observation requirement of the BAC Verifier operational checklist has been satisfied.
Id. at syllabus. The BAC Verifier is one of four approved instruments for determining the concentration of alcohol contained in a person's breath. Ohio Adm. Code 3701-53-02(A). Among the others are the Intoxilyzer 5000, which Officer Groves is certified to operate, and the BAC Datamaster, which Trooper Woodyard used to administer McVey's test. Id. Each of these testing instruments requires a twenty-minute observation period. Ohio Adm. Code 3701-53-02(B) and appendices A — D. The purpose of the observation requirement is to prevent the oral intake of any material by the test subject. Dick at 218.
In this case, the evidence shows that Officer Groves observed McVey for more than twenty minutes and that Trooper Woodyard observed McVey for two to fifteen minutes. Contrary to McVey's argument below that Trooper Woodyard's observation time alone matters, the trial court properly tacked Officer Groves' observation to Trooper Woodyard's time. See Dick
at syllabus. On appeal, McVey now argues that the state failed to prove that Trooper Woodyard was a certified operator of the testing equipment. However, McVey did not challenge Trooper Woodyard's qualifications to administer the test in the trial court, and therefore he waived that argument on appeal. Stores Realty v. Cleveland (1975), 41 Ohio St.2d 41,43; State v. Lent (1997), 123 Ohio App.3d 149, 156.
In short, we find that sufficient evidence in the record supports the trial court's finding that Officer Groves and Trooper Woodyard's combined observation of McVey satisfied the twenty-minute observation requirement. Accordingly, we overrule McVey's first assignment of error.
 IV.
In his second assignment of error, McVey asserts that the trial court erred in denying his motion to suppress because he was wearing his dentures during his breath test. The state asserts that no law or regulation requires test subjects to remove dentures prior to testing, and that McVey failed to demonstrate that taking the test with his dentures otherwise prejudiced him.
As noted above, the purpose of the twenty-minute observation requirement is to prevent the test subject from orally intaking any substance which might affect the test results. Dick at 218; State v.Arledge (Dec. 6, 1991), Hocking App. No. 91CA8, unreported. In Arledge we determined that "[a]lthough the twenty minute observation period precludes the oral ingestion of any foreign material during that period, * * * the regulation does not require the removal of foreign material suchas dentures prior to the beginning of the observation period." (Emphasis added and citations omitted.) See, also, State v. Withers (May 27, 1999), Licking App. No. 98CA116, unreported. The potential effect of dentures in the test subject's mouth impacts the weight, not the admissibility, of the test results. Arledge.
Accordingly, we find that the trial court did not err in refusing to suppress McVey's test results due to the fact that he was wearing dentures at the time of the test. We overrule McVey's second assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
 _________________________________ Roger L. Kline, Presiding Judge
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.