DECISION AND JUDGMENT ENTRY
{¶ 1} Troy C. Wolford appeals his operating a vehicle while under the influence ("OVI") conviction and sentence in the Jackson County Municipal Court. On appeal, Wolford contends that the trial court erred when it did not grant his motion to suppress the results of his alcohol breath test because (1) the officer did not observe him for twenty minutes before the test and (2) he ingested mints during the twenty-minute period. Because competent, credible evidence supports the trial court's factual findings, we disagree. Accordingly, we overrule Wolford's sole assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} An Ohio State Highway Patrolman ("trooper") charged Wolford with (1) a marked lane violation, a minor misdemeanor, in violation of R.C.4511.33, and *Page 2 
(2) OVI, a misdemeanor of the first degree, in violation of R.C.4511.19(A)(1)(d). Wolford pled not guilty. Eventually, he filed a motion to suppress the results of an alcohol breath test. The court overruled the motion and the cause proceeded to a bench trial. The court found Wolford guilty as charged, i.e., a marked lane violation and OVI.
 A. The State's Version of Facts At Suppression Hearing {¶ 3} The trooper stopped Wolford at 1:34 a.m. for a marked lane violation, which led to an OVI arrest. Wolford consented to a breath test. The paperwork showed that, at 1:53 a.m., the trooper ran the breath test. That is, the paperwork showed that he ran the test 19 minutes after the stop.
 {¶ 4} However, the trooper stated that he actually observed Wolford for 21 minutes before the test, instead of 19 minutes. He said that the 1:34 a.m. time came from the computer ("CAD") time the dispatcher used at the office, which time is synchronized with his car's computer. However, the 1:53 a.m. time came from the breath testing machine. He said that he noticed the discrepancy right after the test. He then compared the machine and CAD times and found that the machine time was two minutes slower.
 B. Wolford's Version at the Suppression Hearing {¶ 5} Wolford did not call any witnesses but through cross-examination he maintained that the paperwork was correct, i.e., the trooper only observed him for 19 minutes before the breath test.
 C. Wolford's Version at the Bench Trial *Page 3 {¶ 6} In addition to maintaining that the trooper only observed him for 19 minutes before the breath test, Wolford testified that he ingested cinnamon eclipse mints right after the stop and before the trooper observed him. He further stated that he kept these mints under his tongue the whole time and put more in his mouth at the station. He claims that he was able to do this because the trooper had handcuffed his hands in front of him. The trooper admitted that he never looked inside Wolford's mouth.
 D. State's Version at BenchTrial {¶ 7} The state maintained that the trooper observed Wolford for 21 minutes before the breath test. The trooper further stated that he would have smelled any cinnamon mints that Wolford ingested; and he did not smell cinnamon mints on Wolford's breath during the 21-minute period. He said that he handcuffed Wolford's hands behind him, not in front of him. Moreover, he said that he did not recall finding any mints or food on Wolford when he patted him down just before placing him in the cruiser.
 E. Decisions and Appeal {¶ 8} The trial court overruled Wolford's motion to suppress. At the end of the bench trial, the court found Wolford guilty as charged. The court sentenced Wolford accordingly.
 {¶ 9} Wolford appeals and asserts one assignment of error. He contends that the trial court erred when it overruled his motion to suppress.
 II. *Page 4 {¶ 10} Our review of a decision of a motion to suppress evidence presents mixed questions of law and fact. State v. McNamara (1997),124 Ohio App.3d 706, citing United States v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court is in the best position to evaluate witness credibility. State v. Dunlap (1995),73 Ohio St.3d 308, 314. Accordingly, we must uphold the trial court's findings of fact if competent, credible evidence in the record supports them. See id. We then conduct a de novo review of the trial court's application of the law to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 11} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 12} Here, the trial court made factual findings that the trooper observed Wolford for 20 minutes before the breath test and that he did not ingest anything during that time. Accordingly, we must uphold the trial court's findings of fact if the record contains competent, credible evidence to support the factual findings.
 {¶ 13} Wolford contends that the trial court erred when it overruled his motion to suppress the results of his breath test because the trooper did not observe him for 20 minutes, as required by law. The state concedes that the paperwork shows that the trooper only observed Wolford for 19 minutes but claims that the trooper actually observed Wolford for 21 minutes. The state asserts the trooper *Page 5 
used two different clocks for the starting and ending times and the ending clock was two minutes slower than the starting clock.
 {¶ 14} On a pretrial motion to suppress breath test results, the state has the burden of proving that the test was conducted in accordance with law. Reynoldsburg v. Hamad (Feb. 18, 1999), Franklin App. No. 98AP545. The trial court should admit the test results into evidence if the state can demonstrate "substantial compliance" with the applicable regulations. State v. Plummer (1986), 22 Ohio St.3d 292; State v.Perry (1996), 108 Ohio App.3d 709, 712-713. The applicable regulations in this case require that the test subject be observed for 20 minutes prior to testing in order to prevent the oral intake of any material. See Ohio Adm. Code 3701-53-02(B) and appendices A-D.
 {¶ 15} The issue that we must address is Wolford's assertion that he ingested mints during the 20-minute period. This evidence was introduced only during the bench trial and was not introduced at the suppression hearing or considered by the trial court in deciding the motion to suppress. Wolford states, "a trial court's limited consideration of evidence adduced in a bench trial, subsequent to denial of a defendant's motion to suppress evidence, requires a court of appeals to determine whether the trial evidence required a contrary ruling."
 {¶ 16} Here, the trial court heard two versions of what occurred. The state's version was that the trooper observed Wolford for over 20 minutes and that he did not ingest anything. Wolford's version was that the trooper observed him for less than 20 minutes, and he ingested mints during the time in question. The state maintains that the trooper's testimony supports its version. Wolford claims *Page 6 
that the paperwork supports his version concerning the length of the trooper's observation, and that his trial testimony supports his mint ingestion claim.
 {¶ 17} The trial court, as the trier of fact, chose to believe the state's version. Competent, credible evidence supports the trial court's finding. That is, the trooper testified that he observed Wolford for 21 minutes; he did not ingest anything, including cinnamon mints; and that he handcuffed Wolford's hands in back of him, not the front. As we stated earlier, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co., supra, at 80. Therefore, we find that the trial court did not err when it overruled Wolford's motion to suppress.
 {¶ 18} Accordingly, we overrule Wolford's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
 McFarland, J.: Concurs in Judgment and Opinion. *Page 1