[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 595 
Defendant-appellant, Cornelius J. Murphy, appeals a decision of the Mason Municipal Court finding him guilty of violating Mason City Ordinances 333.01 (A)(1) and 331.34. We affirm.
On the evening of June 11, 1996, appellant was involved in a single-car accident on a straight section of Reading Road in Mason, Ohio. Appellant lost control of his vehicle, crossed the opposite lane of traffic, struck some landscape timbers, and then flipped over several times, trapping himself in the vehicle. Appellant was freed from the vehicle by firemen. He was treated for injuries in an ambulance and transported to Bethesda North Hospital for medical treatment.
Patrolman Steve Vanover spoke with appellant in the ambulance and also at the hospital. Vanover testified at appellant's trial that he noticed that appellant had a strong smell of alcohol and his eyes appeared glassy. Vanover also testified that appellant admitted that he had been drinking that evening. Appellant was not asked to submit to any field sobriety tests.
Vanover told appellant at the hospital that he was being placed under arrest for driving under the influence of alcohol. At the request of Vanover, two samples of blood were drawn from appellant by personnel at Bethesda North Hospital. The blood samples were placed in an evidence refrigerator at the Mason Police Department for approximately one week. The blood samples were later tested by the Miami Valley Regional Crime Laboratory. The results of the blood test were that appellant's blood contained .26 grams of ethanol per one hundred milliliters of blood.
On July 23, 1996, appellant filed a motion to suppress the blood test results, any incriminating statements by appellant, and any observations by police officers. Appellant claimed that the officers did not have probable cause to stop, detain, or arrest him. Appellant also argued that defendant-appellee, the city of Mason, Ohio, did not comply with the requirements of R.C.4511.19(D), because his blood was not analyzed in accordance with methods approved by the Director of Health. The trial court denied the motion to suppress, holding that "substantial compliance with OAC regulations was maintained."
A jury found appellant guilty of violating Mason City Ordinances 333.01 (a)(1) and 333.01 (a)(2).[1] The court also found appellant guilty of violating Mason City *Page 596 
Ordinances 331.34[2] Appellant's sentence was based upon his violations of Mason City Ordinances 333.01 (a)(1) and 331.34. Appellant appeals this decision and presents three assignments of error.
Assignment of Error No. 1:
"The trial court erred in admitting the blood test because the [prosecution] failed to demonstrate substantial compliance with Ohio Adm. Code 3701-53-05."
Appellant argues that appellee did not present sufficient evidence to show substantial compliance with the Ohio Department of Health ("ODH") regulations contained in Ohio Adm. Code3701-53-05. Specifically, appellant claims that there was insufficient evidence that (1) the Mason Police Department refrigerator temperature was at or below forty degrees Fahrenheit and (2) a solid anticoagulant was used in preserving the blood sample.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Middletown v. Whitt (Sept. 30, 1996), Butler App. No. CA96-02-033, unreported, at 4-5, 1996 WL 551429. Absent prejudice to a defendant, if the state shows substantial compliance with ODH regulations, alcohol test results can be admitted in a prosecution under R.C. 4511.19. State v. Snider
(May 5, 1997), Warren App. No. CA96-10-102, unreported, at 3, 1997 WL 226203, following State v. Plummer (1986), 22 Ohio St.3d 292,294, 22 OBR 461, 462-464, 490 N.E.2d 902, 904-905.
Ohio Adm. Code 3701-53-05(F) states: "While not in transit to a laboratory or under examination, all urine and blood specimens shall be refrigerated at a temperature of forty degrees Fahrenheit or below." Substantial compliance with Ohio Adm. Code3701-53-05 (F) cannot be shown when no evidence is presented concerning the refrigeration temperature when the sample was stored for approximately one week. Columbus v. Acree (June 20, 1996), Franklin App. No. 96APC01-11, unreported, 1996 WL 339954;Canton v. Hickman (Apr. 15, 1991), *Page 597 
Stark App. No. CA-8301, unreported, 1991 WL 59865; State v.Lawless (Nov. 14, 1989), Fairfield App. No. 23-CA-89, unreported, 1989 WL 139819.
After having reviewed the record, we find that appellee presented no evidence concerning the refrigerator's temperature. Further, no evidence was presented establishing that the refrigerator was functioning during the approximately one week the blood sample was stored inside the refrigerator. We cannot infer that the refrigerator was set to the proper temperature as required by ODH regulations, or that it was even working, considering the evidence that was presented. Hickman at 6. Accordingly, we find that appellee did not substantially comply with ODH regulations.
While failure to substantially comply with ODH regulations renders the blood test results inadmissible as evidence against appellant for the Mason City Ordinances 333.01 (a)(2) ("[a][2]") charge, it does not necessarily follow that the test results were also inadmissible for the Mason City Ordinances 333.01 (a)(1) ("[a][1]") charge. Newark v. Lucas (1988), 40 Ohio St.3d 100,532 N.E.2d 130. For example, the court in Lawless held that failure to present testimony regarding the internal temperature of a refrigerator rendered the test results inadmissible on an R.C.4511.19(A)(2) violation, but also stated that the "results of the test might arguably have been admissible" on an R.C. 4511.19
(A)(1) charge. Lawless at 4. The reason for this is that "[t]he specific amount of alcohol or drugs found as a result of the chemical testing of bodily substances is of secondary interest in R.C. 4511.19 (A)(1) proceedings, and the test results, if probative, are merely considered in addition to all other evidence of impaired driving." State v. Hurst (Nov. 20, 1991), Hamilton App. No. C-900701, unreported, at 7, 1991 WL 243534.
Therefore, we find that appellee's lack of evidence establishing the refrigerator's temperature renders the test results inadmissible for the (a)(2) violation. However, we also find that this does not render the test results inadmissible for the (a)(1) violation.
Appellant also argues that appellee did not substantially comply with Ohio Adm. Code 3701-53-05 (C)(1). Ohio Adm. Code3701-53-05 (C) stated that blood must be drawn into a "container containing a solid anticoagulant." 1995-1996 Ohio Monthly Record 2745. No evidence was presented that the container contained a solid anticoagulant. However, failure to use a solid anticoagulant does not render blood test results inadmissible.State v. Perry (1996), 108 Ohio App.3d 709, 713, 671 N.E.2d 623,625-626.
Accordingly, we sustain appellant's first assignment of error with respect to admission of the blood test results on the (a)(2) violation, but overrule the assignment of error in all other respects. *Page 598 
Assignment of Error No. 2:
"The trial court erred in overruling defendant-appellant's motion to suppress because the arresting officer did not have probable cause to make an arrest."
Appellant argues that Vanover did not have probable cause to arrest appellant for driving under the influence of alcohol based upon what Vanover knew at the time he made the arrest. A police officer may arrest a person if he has probable cause to believe that person has committed a crime. Memphis Police Dept. v. Garner
(1985), 471 U.S. 1, 7, 105 S. Ct. 1694, 1699, 85 L.Ed.2d 1, 7.
"To determine whether an officer had probable cause to arrest an individual for a violation of R.C. 4511.19(A), the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol."State v. Medcalf (1996), 111 Ohio App.3d 142, 147,675 N.E.2d 1268, 1271, following Beck v. Ohio (1964), 379 U.S. 89, 91,85 S. Ct. 223, 225, 13 L.Ed.2d 142, 145.
An officer may have probable cause to arrest a person for driving under the influence of alcohol based upon the person's "erratic operation of his vehicle coupled with his bloodshot eyes, slurred speech and odor of alcohol about his person."Middletown v. Whitt (Sept. 30, 1996), Butler App. No. CA96-02-033, unreported, at 8, 1996 WL 551429.
Vanover testified at the suppression hearing held on August 13, 1996, that prior to arresting appellant at the hospital, "I still could smell a strong odor of alcohol. [Appellant's] speech was slurred at this point. In the light at the room of the hospital, under that light, I could tell his eyes were glassy and they were bloodshot."
Vanover also testified that his determination that he was going to place appellant under arrest was also based upon statements made by Sherri Conner, a witness to the accident. Conner testified at the suppression hearing concerning what she told Vanover at the scene of the accident. She testified that the accident occurred shortly after appellant passed her vehicle in the opposite lane of traffic. After appellant passed her, she saw appellant's vehicle hit the curb with the right front tire, fishtail through the intersection, and flip over several times after the vehicle crossed her side of the street. Conner also testified that she did not see any other vehicle besides appellant's vehicle.
Accordingly, we find that Vanover had probable cause to arrest appellant based upon the facts and circumstances known to Vanover at the moment of the arrest. Appellant's second assignment of error is overruled. *Page 599 
Assignment of Error No. 3:
"The trial court erred in admitting the result of the blood-alcohol test at trial because it was hearsay and there was no foundation."
Appellant argues that the results of the blood test were improperly disclosed to the jury. The results were contained in a letter written by Paula Wolf, a forensic chemist at the Miami Valley Regional Crime Laboratory. Wolf did not testify at appellant's trial.
"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801 (C). Evid.R. 802 states:
"Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."
Appellee objected at the trial when Vanover testified concerning the blood test results expressed in the letter, claiming that the blood test results were hearsay. Appellee also objected to the letter's being admitted as evidence on the ground that it contained hearsay. The trial court overruled appellant's objections, finding that the letter could be admitted as evidence based upon the court's findings at the suppression hearing.
Even though the court found in the suppression hearing that the blood test results should not be suppressed because appellee substantially complied with ODH regulations, the blood test results could still be excluded as hearsay. See State v. French
(1995), 72 Ohio St.3d 446, 452, 650 N.E.2d 887, 892. The letter was hearsay because it contained statements made by Paula Wolf, who did not testify at the trial, and was offered into evidence to prove the truth of the matter asserted, that appellant's blood contained "a blood ethanol level of 0.26% grams/100ml." Accordingly, we find that the letter and the contents of the letter were inadmissible evidence because they were hearsay and do not fall within any of the hearsay exceptions. The third assignment of error is therefore sustained.
Although we find that the letter and the blood test results were improperly admitted, the trial court's decision can be upheld if "there is substantial evidence to support the guilty verdict even after the tainted evidence is cast aside." State v.Dolce (1993), 92 Ohio App.3d 687, 701, 637 N.E.2d 51, 60, quotingState v. Cowans (1967), 10 Ohio St.2d 96, 104, 39 O.O.2d 97, 102-105, 227 N.E.2d 201, 207. While it would be impossible to find that appellant violated Mason City Ordinances 333.01 (a)(2) without the blood test results, a jury could still find that appellant violated Mason City Ordinances 333.01 (a)(1) because: *Page 600 
"The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in the prosecution of a defendant under such section. It is the behavior of the defendant which is the crucial issue." Newark v.Lucas (1988), 40 Ohio St.3d 100, 104, 532 N.E.2d 130, 134.
The record indicates that evidence was presented to the jury that appellant (1) lost control of his vehicle, (2) had an odor of alcohol, (3) had glassy eyes, and (4) admitted that he had been drinking. Vanover testified that he found no physical evidence indicating that appellant had attempted to evade a second vehicle. The court also found that there was sufficient evidence that appellant failed to exercise reasonable and ordinary control over his vehicle.[3] We find that the combination of these factors is sufficient substantial evidence to support the trial court's finding that appellant violated Mason City Ordinances 333.01 (a)(1), even after excluding the blood test results.
The judgment of the trial court is therefore affirmed.
Judgment affirmed.
WILLIAM W. YOUNG, P.J., concurs.
[1] Mason City Ordinances 333.01 (a) states:
"No person shall operate any vehicle within the Municipality, if any of the following apply:
"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
"(2) The person has a concentration of ten-hundredths of one percent (0.10%) or more by weight of alcohol in his blood."
Mason City Ordinances 333.01 (a)(1) and (a)(2) closely mirror R.C. 4511.19 (A)(1) and (A)(2).
[2] Mason City Ordinances 331.34 states:
"(a) No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control over such vehicle.
"(b) No person shall operate a motor vehicle or motorcycle upon any street or highway in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law.
"(c) No person shall operate a motor vehicle or motorcycle without giving his full time and attention to the operation of such vehicle."
[3] In his appeal, appellant has not contested the trial court's finding that he violated Mason City Ordinances 331.34.
KOEHLER, J., dissents.