DECISION AND JUDGMENT ENTRY
This is an appeal from the denial by the Ironton Municipal Court of Defendant-Appellant Marla S. Snyder's motion to suppress all evidence resulting from her arrest for driving while intoxicated.
Appellant argues that the trial court erred in denying her motion because there was no probable cause for her arrest. Specifically, she argues that the field-sobriety tests were not administered in strict compliance with the standards set forth by the National Highway Traffic Safety Administration.
We find appellant's argument to be without merit and affirm the judgment of the trial court.
 I. The Proceedings Below
In the early morning of August 29, 2000, Defendant-Appellant Marla S. Snyder was stopped for speeding by Trooper D.S. Salyers of the Ohio State Highway Patrol.
After approaching appellant in her vehicle and speaking with her, Trooper Salyers detected a mild odor of alcohol on her breath. When asked, appellant admitted that she had consumed two cans or bottles of beer.
Suspecting that she might be intoxicated, Trooper Salyers then requested appellant to perform field-sobriety tests. Appellant consented, and three standardized tests were administered: the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg-stand test. Trooper Salyers concluded that appellant had failed all three of these tests.
Based on the results of these tests, the smell of alcohol, appellant's admission to drinking, and her general lack of coordination, Trooper Salyers arrested appellant and charged her with operation of a motor vehicle while under the influence of alcohol (OMVI), a violation of R.C.4511.19(A)(1).
In October 2000, following arraignment and pre-trial hearings, appellant filed a motion to suppress evidence based on her argument that,inter alia, there was no probable cause for her arrest because the field-sobriety tests were not administered in strict compliance with the standards set forth by the National Highway Traffic Safety Administration.
Accordingly, a pre-trial evidentiary hearing was held regarding appellant's motion to suppress. The sole witness put on the stand was Trooper Salyers.
Trooper Salyers testified that he had pulled appellant over because she was speeding. He further testified that she smelled of alcohol and, when asked, she stated that she had been drinking. Based on these observations, Trooper Salyers requested that appellant consent to field-sobriety tests, and she complied. He then testified as to precisely how he employed these tests.
Trooper Salyers further testified that appellant had a general lack of coordination and that it was his opinion that appellant was intoxicated. Accordingly, he arrested appellant and charged her with OMVI.
Subsequently, the trial court issued an entry denying appellant's motion to suppress.
Shortly thereafter, appellant changed her plea to no contest. Consequently, in December 2000, the lower court found appellant guilty of OMVI and sentenced her to three days in jail, suspended on the condition she attend alcohol counseling, $350 plus court costs, and a six-month suspension of her driving privileges.
 II. The Appeal
Appellant timely filed an appeal with this Court, assigning the following error for our review:
 IT WAS ERROR FOR THE TRIAL COURT TO OVERRULE THE DEFENDANTS [sic] MOTION TO SUPPRESS WHEN THE TRIAL COURT FOUND THE OFFICER SUBSTANTIALLY COMPLIED WITH THE ADMINISTRATION OF THE STANDARDIZED TESTING PROCEDURES AS SET FORTH IN THE NATIONAL HIGHWAY TRAFFIC SAFETY ADM. [sic] US DEPT. OF TRANSP., HS 178 R2/00, DWI DETECTION AND STANDARDIZED FIELD SOBRIETY TESTING, STUDENT MANUAL (2000).
Appellate review of a trial court's ruling on a motion to suppress evidence is a "two-step inquiry." State v. Evans (July 13, 2001), Hamilton App. No. C-000565, unreported; accord State v. Moats (Mar. 6, 2001), Ross App. No. 99CA2524, unreported. First, the trial court's findings of fact are given deference and reviewed only for clear error. See Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657; Statev. Duncan (1998), 130 Ohio App.3d 77, 719 N.E.2d 608.
Second, "we engage in a de novo review, without deference to the trial court's conclusions, as to whether those properly supported facts meet the applicable legal standards." Evans, supra; accord Ornelas v. UnitedStates, 517 U.S. at 690, 116 S.Ct. at 1657; State v. Duncan,130 Ohio App.3d at 77, 719 N.E.2d at 608.
Appellant is correct in citing State v. Homan (2000), 89 Ohio St.3d 421,732 N.E.2d 952, for the proposition that failure to strictly comply with standardized-testing procedures render these test results unreliable and, thus, they should not be used to constitute probable cause. The trial court clearly erred in stating that the standard was "substantial" instead of "strict" compliance. See id.
However, appellant has failed to fully grasp the holding in Homan. InHoman, the arresting officer, after stopping the defendant for a marked-lanes violation, smelled an odor of alcohol and saw that she had red, glassy eyes. Accordingly, he administered the same three standardized tests here at issue: the walk-and-turn test, the one-leg-stand test, and the HGN test.
The defendant there moved to suppress the test results because they had been administered improperly. The Supreme Court of Ohio held that the results of these tests should be suppressed because "[t]he small margins of error that characterize field sobriety tests make strict compliance critical." Id. at 425, 732 N.E.2d at 956.
However, the court went on to uphold the conviction on the following basis:
 We nevertheless agree with the court of appeals that the totality of facts and circumstances surrounding appellee's arrest supports a finding of probable cause. While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance. Prior to stopping appellee's vehicle, [the arresting officer] observed erratic driving on the part of appellee. Upon stopping appellee's vehicle, he observed that appellee's eyes were "red and glassy" and that her breath smelled of alcohol. Appellee admitted to the arresting officer that she had been consuming alcoholic beverages. The totality of these facts and circumstances amply supports [the] decision to place appellee under arrest.
(Emphasis added.) Id. at 427, 732 N.E.2d at 957; see Mason v. Murphy
(1997), 123 Ohio App.3d 592, 704 N.E.2d 1260; State v. Beall (Mar. 8, 1999), Belmont App. No. 94-B-43, unreported.
In the present case, Trooper Salyers testified that he arrested appellant based on the results of these tests and because appellant smelled of alcohol, admitted that she had been drinking, and her general lack of coordination.
We find nothing in the record to indicate that the trial court abused its discretion in accepting the testimony of Trooper Salyers. See, e.g.,State v. Broom (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, certiorari denied (1989), 490 U.S. 1075, 109 S.Ct. 2089 (holding that the credibility of witnesses who testify during a motion to suppress is a matter for the trier-of-fact and will not be disturbed by a reviewing court absent an abuse of discretion).
Thus, while Homan might certainly require the results of the tests in this case to be suppressed, it further provides that an OMVI conviction may stand if the totality of the circumstances surrounding the arrest support a finding of probable cause. In the case sub judice, we find that Trooper Salyers's probable-cause finding is supported by the totality of the circumstances surrounding appellant's arrest.
 III. Conclusion
For the foregoing reasons, we OVERRULE appellant's assignment of error and AFFIRM the judgment of the Ironton Municipal Court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the IRONTON MUNICIPAL COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Concurs in Judgment Only.
Kline, J. Dissents.