{¶ 84} As an initial matter, I agree with the majority that the admission of Mary Beth Askew's identification testimony of appellant as the perpetrator was hearsay not subject to a recognized exception and therefore, should not have been admitted. However, I do not agree, in the context of the remaining evidence and testimony, that the admission of this statement constituted prejudicial error requiring reversal of appellant's convictions. Accordingly, I respectfully dissent.
 {¶ 85} A decision to admit or exclude testimony is a matter within the sound discretion of the trial court and will not be overturned absent a clear abuse of discretion whereby the defendant has sufferedmaterial prejudice. Hores v. Weaver, 11th Dist. Nos. 2004-T-0045, 2004-T-0047, 2004-T-0048, 2005-Ohio-6076, at ¶ 17 (emphasis added), citing Quinn v. Paras, 8th Dist. No. 82529, 2003-Ohio-4952, at ¶ 31;State v. Brazzon, 11th Dist. No. 2001-T-0050, 2003-Ohio-6088, at ¶ 13;State v. Long (1978), 53 Ohio St.2d 91, 98; State v. Sage (1987),31 Ohio St.3d 173, at paragraph two of the syllabus. (Emphasis added). In applying an abuse of discretion standard, the appellate court is not free to substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-138 (citation omitted).
 {¶ 86} The testimony of Mary Beth Askew was hearsay, not subject to an exception, and admission of that testimony was error. However, the inquiry does not end there. A reviewing court next must determine whether this error is harmless or prejudicial.
 {¶ 87} Under Evid R.103(A), and Crim.R. 52(A), error is harmless unless substantial rights of the defendant are affected. State v.Hicks (Aug. 16, 1991), 6th Dist. No. L-83-074, 1991 Ohio App. LEXIS 3856, at *13. For nonconstitutional errors, the test is whether "there is substantial evidence to support the guilty verdict even after the tainted evidence is cast aside." State v. Cowans (1967),10 Ohio St.2d 96, 104. Where constitutional error in the admission of evidence exists, "such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281, at paragraph six of the syllabus.
 {¶ 88} The admission of Mary Beth's hearsay statements of the victims was harmless error under either test. Both of the victims testified as to the events that occurred, and their testimony was in substantial accord with regard to all relevant facts. The victims were subject to cross-examination and the jury was free to consider the weight and credibility of their testimony. Moreover, the victims' testimony was corroborated by physical evidence "consistent with anal penetration." Dr. Dewar testified that in most cases of alleged sexual abuse, such physical evidence was the exception rather than the rule. Based upon this evidence, even if Mary Beth's testimony had not been admitted, the jury had substantial evidence to convict appellant.
 {¶ 89} The same could be said for the statements from Bethany Askew and Dr. Dewar. Interestingly, appellant chooses not to directly challenge the admissibility of the statements of Dr. Dewar and Bethany Askew, instead challenging his conviction on the basis of a claim of ineffective assistance of counsel.
 {¶ 90} The United States Supreme Court has adopted a two-part test for determining whether trial counsel was ineffective: "First, the defendant must show that counsel's performance was deficient," meaning that they "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland v. Washington (1984), 466 U.S. 668, 687. "Second, the defendant must show that the deficient performance prejudiced thedefense." Id. (emphasis added).
 {¶ 91} In Ohio, there exists a strong presumption that a licensed attorney is competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. Reversal of a conviction, therefore, places the burden on the defendant to show that counsel's deficient performance raises a reasonable probability that, but for counsel's errors, the result of the trialwould have been different. State v. Bradley (1989), 42 Ohio St.3d 136,142 (citation omitted).
 {¶ 92} Defense counsel made no objection at trial to the testimony of either Bethany or Dr. Dewar identifying appellant as the perpetrator of the sexual abuse.[34] Accordingly, he has waived all but plain error. See State v. Santiago, 10th Dist. No. 02AP-1094, 2003-Ohio-2877, at ¶ 11, (holding that failure to object to the introduction of hearsay evidence at trial waives all claims of error except for plain error).
 {¶ 93} Pursuant to Crim. R. 52(B), a plain error or defect affecting substantial rights may be noticed, if not brought to the attention of the court. Long, 53 Ohio St.2d at 94. Plain error is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. Id. (citation omitted).
 {¶ 94} The test for "plain error" is enunciated under Criminal Rule 52(B). In order for Crim.R. 52(B) to apply, a reviewing court must find that (1) there was an error, i.e., a deviation from a legal rule; (2) that the error was plain, i.e., that there was an "obvious" defect in the trial proceedings; and (3) that the error affected "substantial rights," i.e., affected the outcome of the trial. State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68 (citations omitted).
 {¶ 95} With regard to the testimony of Bethany Askew, the majority indulges in a presumption in order to justify its conclusion that the statements were hearsay within hearsay and thus, inadmissible. This conclusion ignores the fact that it is an equally reasonable presumption that Bethany, as the children's mother, heard this information directly from the girls and also fails to take into account the context in which the two challenged statements were actually made.
 {¶ 96} As the majority correctly states, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matterasserted." Evid. R. 801(C) (emphasis added).
 {¶ 97} While on the surface, it may appear that the statements of Bethany Askew are substantially similar to those of her mother, Mary Beth. A review of the first statement reveals that its purpose wasnot to prove the truth of the matter asserted, i.e. that Butcher had intercourse with the girls, but rather was made to pinpoint the date of D's last visit to Butcher's home. Bethany's second statement presents a closer case. However, even if the second statement was impermissible hearsay, the statement was "merely cumulative and superfluous," with the testimony of her mother, and was therefore harmless. Williams,6 Ohio St.3d at 291.
 {¶ 98} With respect to Dr. Dewar's testimony, Evid.R. 803(4) creates an exception from the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." State v. Dever, 64 Ohio St.3d 401,406-407, 1992-Ohio-41 (citation omitted). The rule "extends the common-law doctrine to admit statements made to a physician * * * without regard to the purpose of the examination or the need for the patient's history," thus "enabling the doctor to testify even when notreatment is contemplated." State v. Boston (1989), 46 Ohio St.3d 108,121 (citation omitted) (emphasis added).
 {¶ 99} Statements in furtherance of diagnosis or treatment are presumed reliable since the effectiveness of the treatment depends on the accuracy of the information related. Id. Furthermore, "[S]tatements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for the purpose of diagnosis and treatment, are admissible pursuant to Evid.R. 803(4), when such statements are made for the purposes enumerated in that rule." Dever, 64 Ohio St.3d at 414. "[P]ursuant to Dever, statements made by a child to a medical professional are not automatically excluded simply because the child did not possess the initial motivation to seek diagnosis or treatment, but rather were directed there by an adult. Once at the medical professional's office, however, it must be established that the child's statements were made for the purposes of medical diagnosis or treatment." In re Cory (11th Dist. 1999), 134 Ohio App.3d 274, 282.
 {¶ 100} In the case of a child of tender years, Dever recommended that trial courts consider the circumstances surrounding the child's making of the statements to medical personnel before admitting the statements under Evid.R. 803(4). 64 Ohio St.3d at 410. Such circumstances include "the type of environment the child was placed in, the attire of the [healthcare professional], the presence of other medical professionals, or any other circumstance which would heighten the child's awareness that the questions asked were for the purpose of medical diagnosisor treatment." State v. Griffith, 11th Dist. No. 2001-T-0136,2003-Ohio-6980, at ¶ 59 (emphasis added).
 {¶ 101} Unlike all of the cases to which appellant cites supporting his argument, Dr. Dewar testified that she conducted the interviews with the girls herself. Cf. Cory, 134 Ohio App.3d at 283 ("while the white lab coats and medical instruments traditionally seen at a doctor's office might signal in a child's mind the seriousness of the situation and the necessity to tell the truth, such as existed in Dever, there is no indication that a typically dressed social worker * * * would evoke a similar reaction in the eyes of a child") (emphasis sic).
 {¶ 102} Moreover, prior to Dr. Dewar's testimony which related the girls' statements identifying appellant as their abuser, she testified that the identity of an alleged abuser is an important consideration to determine the "risk of transmission of sexually transmitted diseases" and because of "safety issues of the child." During her testimony, Dr. Dewar testified about the procedures she followed while conducting an interview and about her physical examination of each of the girls. Dewar also testified that the examinations were made for the purpose of medical diagnosis.
 {¶ 103} A trial court should exclude testimony under the rule ofDever "only in cases where there is affirmative evidence of improper motivation." State v. Sheppard, 9th Dist. No. 2004CA00361,2005-Ohio-6065, at ¶ 35 (citation omitted).
 {¶ 104} Appellant objects to the admission of the aforementioned statements because the trial court failed to voir dire T and D in order to establish a foundation for the admission of the testimony.
 {¶ 105} This court has held that although a voir dire of the child is desirable, Dever "does not actually mandate a voir dire." State v.Cornwell (Feb. 27, 1998), 95-T-5379, 1998 Ohio App. LEXIS 806, at *31. Moreover, courts have found that "failure to conduct such a voir dire * * * is not fatal to the admissibility of evidence under Evid.R. 803(4), if the medical professionals and child are available for cross-examination." Sheppard, 2005-Ohio-6065, at ¶ 36; State v.Kelly (1994), 93 Ohio App.3d. 257, 264; State v. Crum (Oct. 26, 1998), 9th Dist. No. 97-CA-0134, 1998 Ohio App. LEXIS 5678, at *12; State v.Slane (Oct. 22, 1999), 6th Dist. No. F-98-020, 1999 Ohio App. LEXIS 4925, at *44; State v. Demiduk (June 24, 1998), 7th Dist. No. 96-C0-16, 1998 Ohio App. LEXIS 3287, at *14-*16. Such was the case here.
 {¶ 106} Under the circumstances presented herein, where both victims and Dr. Dewar testified and were subject to cross-examination,and where the undisputed physical evidence was consistent with their testimony, I cannot conclude the admission of the aforementioned testimony was plain error.
 {¶ 107} Even if any of the aforementioned statements had been excludable as hearsay, "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." State v. Bradford, 9th Dist. No. 22441,2005-Ohio-5804, at ¶ 27 (citation omitted); see also State v.Holloway (1988), 38 Ohio St.3d 239, 244, citing State v. Lytle (1976),48 Ohio St.2d 391, 396-397 ("[t]he failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel. To prevail * * * a defendant must * * * show * * * a substantial violation of any of defense counsel's essential duties * * * and * * * that he was materially prejudiced by counsel's ineffectiveness").
 {¶ 108} Here, appellant has failed to demonstrate either a substantial violation of counsel's duties or material prejudice. Since there was no plain error in the admission of the testimony of Bethany Askew or Dr. Dewar, there can be no ineffective assistance claim for failure of defense counsel to object.
 {¶ 109} For these reasons, I respectfully dissent. The judgment of the Ashtabula County Court of Common Pleas should be affirmed.
[34] With respect to the identification testimony of Dr. Dewar, the trial court conditionally granted a motion in limine excluding these statements "depend[ent] upon the evidence establishing a recognized exception to the hearsay rule." At trial, however, defense counsel made no objection to the admission of this testimony. See, McCabe/Marra Co.v. Dover (1995), 100 Ohio App.3d 139, 160 ("a ruling on a motion inlimine is a tentative, interlocutory, precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial"); State v.Stewart (Dec. 8. 1997), 4th Dist. No. 96CA18, 1997 Ohio App. LEXIS 5625, at *10 n. 4 (the grant or denial of a motion in limine will not preserve error for review, absent a proper objection made at trial).