The STATE of Ohio, Appellee,

v.

BEN, Appellant.

[Cite as *State v. Ben,* 185 Ohio App.3d 832, 2010-Ohio-238.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92129.

Decided Jan. 28, 2010.

Brandon J. Henderson Co., L.P.A., Justin M. Weatherly, and Brandon J. Henderson, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, for appellee.

---

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Bella Ben, appeals his conviction for drug trafficking and possession, based on "other acts" evidence he claims was impermissibly admitted at trial. He also takes issue with the length of sentence imposed. After a thorough review of the record, and for the following reasons, we reverse appellant's conviction and forfeiture and remand for a new trial.

{¶ 2} Cleveland police officers began an investigation of Brian Jarabek, a known marijuana dealer. Cleveland police detective John Pitts testified that he received a tip that Jarabek was in town and had resumed selling marijuana. After an investigation, Pitts obtained a search warrant for Jarabek's premises. Upon execution of the warrant, police officers discovered Jarabek and appellant seated on couches in the living room of Jarabek's apartment with a tray of marijuana in front of them on the coffee table. Jarabek's two-year-old daughter was between the coffee table and the television watching "Scarface." After a search of the house, 473 pills of methylenedioxymethamphetamine ("MDMA" or "ecstasy") were found in a kitchen cabinet, which was adjacent to the living room but separated by a hallway. Also, 188 grams of powdered cocaine was found in an upstairs bedroom. Various tools for the preparation of drugs for sale were also discovered, including a digital scale with cocaine residue on it, small plastic bags, and a grinder with marijuana residue on it. Police also found $1,220 in appellant's pocket.

{¶ 3} On March 13, 2008, appellant was indicted along with Jarabek on six counts, with only five pertaining to appellant. Counts 1 and 3 were for trafficking in MDMA and cocaine respectively, both with juvenile specifications that elevated these charges to first-degree felonies. Counts 2 and 4 were for possession of MDMA and cocaine respectively, both second-degree felonies. Count 6 was for possession of criminal tools, a fifth-degree felony.

{¶ 4} This was not the first time appellant had been at a location when police executed a search warrant. On two prior occasions, appellant was found in locations where police officers executed drug-related search warrants. Detective Jamal Ansari of the Cleveland Police Narcotics Unit testified that on May 7, 2003, he came across appellant when he executed a search warrant in an investigation of Danny Nida and James Ouk. Appellant and others were arrested, and police found between 300 and 400 pills of ecstasy.

{¶ 5} Detective John Gucik of the Lakewood Police Department testified that on May 25, 2004, his department executed a search warrant pursuant to an investigation of James Ouk. Appellant was present when the search was executed, and police found 67 pills of ecstasy and a large quantity of marijuana.

{¶ 6} In both of these prior instances, appellant was not the subject of the police investigations, nor was he known to police officers conducting the investigations.

{¶ 7} The state offered these other two incidents as other-acts evidence pursuant to Evid.R. 404(B). On August 5, 2008, prior to voir dire, the trial court held a hearing on the state's notice of its intent to use other-acts evidence. The state argued that the evidence would be offered to show that it was "no mistake, no coincidence, * * * no accident * * * that [appellant] was at the scene because

he * * * is a drug dealer just like Brian Jarabek." The trial court allowed the state to present evidence of these past instances when appellant was found at the same time and location where large amounts of MDMA were found, but issued a limiting instruction to the jury as follows:

{¶ 8} "Evidence was received about the commission of crimes other than the offenses with which the defendant is charged in this trial. That evidence was received only for a limited purpose. It was not received, and you may not consider it to prove the character of the defendant in order to show that he acted in conformity or accordance with that character.

{¶ 9} "If you find that the evidence of other crimes is true, and that the defendant committed them, you may consider that evidence only for the purpose of deciding whether [it] proves the absence of mistake or accident or the defendant's motive, opportunity, intent or purpose, preparation, or plan to commit the offense charged in this trial; or knowledge of circumstances surrounding the offense charged in this trial, or the identity of the person who committed the offense in this trial. That evidence cannot be considered for any other purpose."

{¶ 10} The jury, in their deliberations, asked the trial judge a few questions, including the following: "[There] was testimony that the defendant had been found twice before at locations where MDMA was found. Can we take that into consideration?" The court answered: "Yes, but only as specified in the 'other acts' instruction."

{¶ 11} On August 8, 2008, the jury returned verdicts of guilty of trafficking in MDMA, a first-degree felony; guilty of possession of MDMA, a second-degree felony; and guilty of possession of criminal tools, a fifth-degree felony. The jury found appellant not guilty of trafficking in or possession of cocaine.

{¶ 12} At appellant's sentencing hearing on August 8, 2008, the court ordered that he serve nine years in prison on Count 1, eight years on Count 2, and one year on Count 6, all to run concurrently. Appellant was also fined $20,000, ordered to forfeit the seized property, and informed of five years of postrelease control. Appellant then filed a notice of appeal.

### Other–Acts Evidence

{¶ 13} On appeal, appellant claims first that "[t]he trial court's error in permitting the admission of 'other acts evidence' was highly prejudicial to Appellant–Defendant with little or no probative value in contradiction to the principles set forth in Evid.R. 404 and in violation of Appellant's right to due process of law, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

{¶ 14} "The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, at ¶ 43, citing *State v. Issa* (2001), 93 Ohio St.3d 49, 64, 752 N.E.2d 904. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 15} With regard to the admissibility of other-acts evidence, it is well established that "extrinsic acts may not be used to prove by inference that the accused acted in conformity with his other acts or that he has a propensity to act in such a manner. [*State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190]. Although Evid.R. 404(B) permits 'other acts' evidence for certain enumerated issues, 'the standard for determining admissibility of such evidence is strict.' *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph one of the syllabus. Furthermore, under Evid.R. 403(A), even relevant evidence which is admissible under ordinary circumstances must be excluded if the probative value of the evidence is outweighed by the danger of unfair prejudice." *State v. Chaney*, Seneca App. No. 13–05–12, 2006-Ohio-6489, 2006 WL 3544710, at ¶ 24.

{¶ 16} R.C. 2945.59 states: "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." See also Evid.R. 404(B).

## Valid Purpose

{¶ 17} The state asserted at trial that it was no coincidence that appellant was present twice in the past where large quantities of ecstasy were found by the police. While evidence of past wrongs is not admissible to show the character of a person or to show that he acted in conformity therewith, it may be admitted for any of the reasons contained in Evid.R. 404(B). The state's theory is that the police entered the house as the two individuals were concluding a drug deal during which appellant had "fronted" Jarabek MDMA in exchange for the $1,220.[1] Jarabek had an extensive history with the police as a small-time marijuana dealer. They suspected him of dealing only in marijuana, but on this

---

1. Pitts described this transaction as an installment plan for drug dealers, where a high-level dealer would supply a lower-level dealer with product for a small down payment with later payment to come when the product was sold.

occasion they found a large quantity of other drugs in his home along with appellant, who was in possession of a large sum of money with no apparent ability to have acquired such a sum.[2] The state argues that without knowledge of appellant's prior acts, the jury may have thought that appellant's presence at Jarabek's house was a mistake and that he had no intent to be there with those drugs.

{¶ 18} The state does not try to show a plan or scheme perpetrated by appellant, leaving only mistake, intent, knowledge, or motive as possible valid uses for the other-acts evidence. Of these, the state relies on mistake and knowledge as reasons for allowing testimony of appellant's presence at past drug raids.

{¶ 19} In analyzing the similar federal other-acts rule, the Sixth Circuit Court of Appeals employed a two-step analysis, stating, "First, the trial court must ascertain whether the proffered evidence is relevant and admissible for a proper purpose. *United States v. Zelinka*, 862 F.2d 92, 98 (6th Cir.1988). To be relevant, 'the evidence must relate to a matter which is "in issue," and must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried.' *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir.1985) (citations omitted). To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide, 'whether that evidence is probative of a material issue other than character.'" *United States v. Feinman* (C.A.6, 1991), 930 F.2d 495, 499, quoting *Huddleston v. United States* (1988), 485 U.S. 681, 686, 108 S.Ct. 1496, 99 L.Ed.2d 771.

{¶ 20} The Ohio Supreme Court has offered guidance, setting forth several factors for courts to examine: "(1) the other crimes evidence must have a proper purpose, (2) the proffered evidence must be relevant, (3) its probative value must outweigh its potential for unfair prejudice, and (4) the court must charge the jury to consider the other crimes evidence only for the limited purpose for which it is admitted." *State v. Gus*, Cuyahoga App. No. 85591, 2005-Ohio-6717, 2005 WL 3475795, at ¶ 18, citing *Huddleston*, 485 U.S. at 691, 108 S.Ct. 1496, 99 L.Ed.2d 771.

{¶ 21} Here, appellant never argued that he did not know the drugs were present or that he lacked knowledge of their presence. He claims that he was there to smoke marijuana. Although his stated reason for being there[3] and his

---

2. Appellant admitted to being unemployed at the time, claiming the money came from illegal gambling activity.

3. The trial judge noted that none of the accouterments associated with the smoking of marijuana were found at the house.

explanation of the $1,220 dollars in his pocket were unbelievable, that does not provide a door through which the state may introduce the prior incidents of appellant being found in the same place as MDMA.

{¶ 22} In *State v. Burrell* (May 22, 1995), Stark App. No. 1994 CA 00314, 1995 WL 495888, the Fifth District allowed Evid.R. 404(B) evidence to circumstantially establish knowledge of drugs on the part of the defendant from his presence at the same residence during two prior controlled drug buys the previous week. The case before us is distinguishable because the prior instances were at different residences and occurred at least a few years apart. Also, the defendant in *Burrell* witnessed the drug transactions, which further established knowledge. Here, the officers who executed prior search warrants were unable to give any such testimony. The presence of appellant twice before at locations where large amounts of MDMA were found is not probative of knowledge or mistake on the occasion leading to appellant's arrest. Therefore, this evidence was not offered for a valid purpose, and its admission was in error.

### Prejudicial Effect

{¶ 23} Even if this evidence was offered for a valid purpose under Evid.R. 404(B), evidence that is substantially more prejudicial than probative must still be excluded because of its deleterious effects to an accused's right to a fair trial. See *State v. Matthews* (1984), 14 Ohio App.3d 440, 14 OBR 559, 471 N.E.2d 849; Evid.R. 403(A). In this case, the presence of appellant at other drug raids is not probative of knowledge or lack of mistake when he was discovered a third time. It is also very prejudicial since it leads the trier of fact to conclude that appellant is somehow associated with MDMA. This prejudice partially relieved the state of proving necessary elements of the charged crimes.

{¶ 24} In order to overturn appellant's conviction here, the evidence admitted in error must have resulted in prejudice. "Prejudice occurs if there is a reasonable possibility that the error might have contributed to the conviction." *State v. Basen* (Feb. 16, 1989), Cuyahoga App. No. 55001, 1989 WL 12914, citing *State v. Cowans* (1967), 10 Ohio St.2d 96, 104–105, 39 O.O.2d 97, 227 N.E.2d 201.

{¶ 25} Here, little evidence existed to convict appellant of possession of drugs, let alone drug trafficking. The trial court tried to limit the possibility of any prejudicial effect by issuing a limiting instruction to the jury to consider the evidence only for a proper purpose under Evid.R. 404(B). However, two witnesses were called exclusively to testify about the two prior instances. Their testimony was not an insignificant portion of the record in this case, spanning over 30 pages. Also, the jury specifically asked the trial judge about the appropriate use of this evidence during its deliberations. The fact that the jury found appellant not guilty of the charges relating to cocaine also contribute to this

court's view that there exists a reasonable possibility that the admission of the other-acts evidence contributed to appellant's conviction. Therefore, the error was not harmless. Appellant's first assignment of error is well taken, and we therefore reverse appellant's conviction and remand the cause for a new trial.

### Excessive Sentence

{¶ 26} Appellant claims that "[t]he trial court erred to the prejudice of Defendant–Appellant when it issued an excessive sentence not in conformity with the relevant factors for felony sentencing." Appellant claims that pursuant to R.C. 2929.14(B), the trial court should have sentenced him to the minimum sentence unless the court made findings that would justify raising his sentence above the minimum required. Given our holding above, this assigned error is rendered moot.

### Conclusion

{¶ 27} The other-acts evidence admitted during appellant's trial was not offered for a proper purpose under Evid.R. 404(B). Also, its admission was not harmless, because there exists a reasonable probability that it contributed to appellant's conviction.

{¶ 28} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BLACKMON, P.J., and STEWART, J., concur.