DECISION
{¶ 1} Relator, Avalon Precision Casting Company ("relator"), requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("respondent" or "commission"), to vacate its order granting a request for authorization of an MRI filed by Johnnie Edwards ("claimant") in claim number 01-434851, and to enter an order denying the MRI request.
 {¶ 2} On September 16, 2004, respondent moved for summary judgment on the basis that relator's writ of mandamus is not ripe for review. Relator filed a brief in opposition on September 27, 2004.
 {¶ 3} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached Appendix A.) In his decision, the magistrate found that the relator's mandamus action was not yet ripe for review because relator, subsequent to filing the instant action, filed a motion with the commission to vacate the allowance of Edwards' claim in toto, which, if successful, would render the question presented to this court moot. Based on the foregoing, the magistrate recommended that this court grant respondent's motion for summary judgment.
 {¶ 4} Relator has filed objections to the magistrate's decision in which it essentially reargues the same points it first articulated in its brief in opposition to respondent's motion for summary judgment, and adequately addressed in the magistrate's decision. To that end, relator again argues that its writ of mandamus is ripe for review. Relator also objected to the factual finding that it is a self-insured employer, as opposed to a state-funded employer, which respondent concedes is relator's correct legal status.
 {¶ 5} Following an independent review of the matter, pursuant to Civ.R. 53, we find that the magistrate incorrectly determined that relator is a self-insured employer, and modify the findings of fact accordingly. We find no error in the remaining findings of fact. It should be noted, however, that the magistrate's factual mistake has no bearing on the issue of ripeness and in no way "raises grave question as to the care taken in his decisional process." (Relator's Objections at 3.) We also find the magistrate applied the salient law to the facts. See, e.g., Park Lake Resources Limited Liability Co. v. United StatesDepartment of Agriculture (C.A.10, 1999), 197 F.3d 448, 453 ("The purpose of the ripeness doctrine is to `protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' * * * Review now could result in piecemeal challenges, and further agency action could render this challenge moot."), quoting, Ohio Forestry Assn. v. SierraClub (1998), 523 U.S. 726, 733, 118 S.Ct. 1665; Bennett v. Kemp (N.D.N.Y. 1989), 1989 U.S. Dist. LEXIS 9716 (issue not ripe for review when further action by agency "may very well render" issue moot, and deferring review of agency's action until all "approval procedures have been completed would advance the interest in judicial economy by avoiding piecemeal challenges to agency action"), citing United States v. Louisiana-PacificCorp. (D.Or. 1983), 569 F.Supp. 1141, 1144.
 {¶ 6} Accordingly, we modify the magistrate's decision to reflect the finding of fact that relator is a state-funded employer and not a self-insured employer, and grant respondent's motion for summary judgment.
Relator's objections are overruled, and respondent's motion for summaryjudgment is granted.
Sadler and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
Avalon Precision Casting Co.,
 Relator, :
v. : No. 04AP-558
The Industrial Commission of Ohio (REGULAR CALENDAR)
and Johnnie Edwards, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on January 26, 2005 Willacy, LoPresti Marcovy, and Aubrey B. Willacy, for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT {¶ 7} In this original action, relator, Avalon Precision Casting Co. ("Avalon"), requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting a request for authorization of an MRI filed by respondent Johnnie Edwards on April 23, 2003 in claim number 01-434851, and to enter an order denying the MRI request.
Findings of Fact:
 {¶ 8} 1. On May 27, 2004, relator filed this original action. On June 10, 2004, relator filed an amended complaint.
 {¶ 9} 2. In August 2004, respondents filed their answers to the amended complaint.
 {¶ 10} 3. Pursuant to the magistrate's order setting forth a schedule for the parties filing of the administrative record, relator submitted the administrative record on September 1, 2004 in four bound volumes containing 132 exhibits.
 {¶ 11} 4. On September 16, 2004, the commission filed a Civ.R. 56 motion for summary judgment. In support of its motion, respondent submitted the affidavit of Diane L. Scheider, a paralegal assigned to the workers' compensation section of the office of the Ohio Attorney General. Ms. Scheider certified additional materials from the commission's claim file.
 {¶ 12} 5. On September 22, 2004, this magistrate issued notice to the parties that respondent's September 16, 2004 motion for summary judgment was set for submission to this magistrate on October 12, 2004.
 {¶ 13} 6. On September 27, 2004, relator filed its brief in opposition to respondent's motion for summary judgment. In support, relator submitted the affidavit of Aubrey B. Willacy, Esq., who is Avalon's counsel in the administrative proceedings before the commission as well as in this action.
 {¶ 14} 7. On December 28, 2004, this magistrate issued an order setting respondent's September 16, 2004 motion for summary judgment for submission to this magistrate on January 14, 2005, to permit the parties to file additional materials.
 {¶ 15} 8. On January 13, 2005, the commission submitted the affidavit of Robert Malkin, an employee of the Ohio Bureau of Workers' Compensation, Department of Legal Operations. In his affidavit, Mr. Malkin certified the authenticity of a document filed in industrial claim number 01-434851. That document is captioned "Employer's Motion to Vacate Allowance of Claim on the Ground Of Fraud — i.e., Concealment of Claimant's Prior Medical History." The document contains a commission file stamp indicating that it was filed at the commission on June 8, 2004. Relator has not disputed the authenticity of this document.
 {¶ 16} 9. There is no genuine issue of material fact with respect to the following findings of fact.
 {¶ 17} 10. Respondent Johnnie Edwards ("claimant") has an industrial claim against Avalon which is allowed for: "sprain of right knee and tear of lateral meniscus or right knee," and is assigned claim number 01-434851. March 21, 2001 is the date of injury for this industrial claim. Avalon is a self-insured employer under Ohio's workers' compensation laws.
 {¶ 18} 11. On April 23, 2003, claimant filed a request for authorization for an MRI of his right knee. Avalon disputed the request. The matter was referred to the Ohio Bureau of Workers' Compensation ("bureau") following an unsuccessful alternative dispute resolution procedure at the managed care organization.
 {¶ 19} 12. On July 8, 2003, the bureau issued an order granting claimant's request for authorization of the MRI. Avalon administratively appealed the bureau's order.
 {¶ 20} 13. Following a December 24, 2003 hearing, a district hearing officer ("DHO") issued an order affirming the bureau's order. Avalon administratively appealed.
 {¶ 21} 14. Following a January 27, 2004 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order. Avalon administratively appealed.
 {¶ 22} 15. On February 26, 2004, another SHO mailed an order refusing Avalon's administrative appeal from the January 27, 2004 SHO's order.
 {¶ 23} 16. On June 18, 2004, Avalon filed a motion to vacate the allowance of the industrial claim. Avalon alleged in its motion that claimant had fraudulently concealed a nonindustrial right knee injury that preexisted the March 21, 2001 industrial injury.
Conclusions of Law:
 {¶ 24} Citing State ex rel. Elyria Foundry Co. v. Indus. Comm.
(1998), 82 Ohio St.3d 88, the commission argues in its motion for summary judgment that this action is not ripe for review because of Avalon's June 18, 2004 motion to vacate the allowance of the industrial claim. The magistrate agrees.
 {¶ 25} It is the magistrate's decision that this court grant respondent's motion for summary judgment on grounds that this mandamus action in not ripe for review.
 {¶ 26} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 27} In Elyria Foundry, the Supreme Court of Ohio indicated that the ripeness doctrine can be applicable to mandamus actions brought against the commission. The court states:
* * * Ripeness "is peculiarly a question of timing." Regional RailReorganization Act Cases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357,42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." Abbott Laboratories v. Gardner (1967),387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.
 {¶ 28} If relator administratively succeeds in having the commission vacate the allowance of the claim, as its June 18, 2004 motion seeks to do, the question presented here of whether the commission abused its discretion by granting authorization for the MRI will have become moot. In effect, relator is asking this court to address the abstract and the hypothetical. Consequently, this mandamus action is not ripe for review.Elyria Foundry.
 {¶ 29} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment.