JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ford Motor Company ("Ford" or "defendant") appeals from the verdict awarding plaintiff-appellee Donald L. Vay ("Vay" or "plaintiff") the right to participate in the Bureau of Workers' Compensation Fund. For the reasons that follow, we affirm.
 {¶ 2} Vay asserted he was entitled to participate in the Workers' Compensation Fund for the alleged occupational disease of asbestosis.
 {¶ 3} Plaintiff provided defendant with expert reports of Dr. Alvin Schonfeld, dated November 28, 2001 and November 18, 2003. Neither report addressed Vay's August 11, 2003 x-ray that was relied on by one of defendant's experts. There is some evidence in the record that Ford provided the x-ray to plaintiff in July 2004. By letter dated July 2, 2004, plaintiff advised defendant that "Dr. Schonfeld may also express opinions based upon the radiographic evidence relied upon by Ford's experts." Over Ford's objection, Dr. Schonfeld gave his opinion testimony of the August 11, 2003 x-ray during his videotaped deposition on August 9, 2004.
 {¶ 4} Ford moved to exclude Dr. Schonfeld's opinion testimony relative to the August 11, 2003 x-ray for alleged failure to comply with Loc.R. 21.1. The trial court granted Ford's motion in limine and prohibited plaintiff's expert Dr. Schonfeld from testifying about Vay's August 11, 2003 x-ray. This appeal centers on the trial court's subsequent decision to allow the testimony as rebuttal evidence to defendant's case-in-chief. Defendant's sole assignment of error states:
 {¶ 5} "I. The trial court abused its discretion to the prejudice of defendant-appellant by permitting plaintiff-appellee to offer over objection the opinion testimony of an expert physician on an ultimate issue without complying with Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County."
 {¶ 6} Loc.R. 21.1 governs expert witnesses and in paragraph (B) provides in relevant part:
 {¶ 7} "A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. It is counsel's responsibility to take reasonable measures, including the procurement of supplemental reports, to insure that each report adequately sets forth the expert's opinion. However, unless good cause is shown, all supplemental reports must be supplied no later than thirty (30) days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report."
 {¶ 8} The trial court has broad discretion to determine compliance with Loc.R. 21. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph 1 of the syllabus. "The clear import of former Loc.R. 21 was to vest in the trial court the discretion to determine whether a party has complied with the rule and the appropriate sanctions for its transgression. Such determinations will not be reversed on appeal absent an abuse of discretion. See Paugh Farmer, Inc. v. Menorah Home for Jewish Aged
(1984), 15 Ohio St.3d 44 ." Id. at 194.
 {¶ 9} An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tracy v. Merrell-Dow Pharmaceuticals, Inc.
(1991), 58 Ohio St.3d 147, 152.
 {¶ 10} In this case, the trial court granted Ford's motion in limine and prohibited plaintiff from playing the portion of Dr. Schonfeld's videotaped deposition that related to his opinions of Vay's August 11, 2003 x-ray.
 {¶ 11} A motion in limine is a preliminary ruling. Pena v. NortheastOhio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96, 108;Defiance v. Kretz (1991), 60 Ohio St.3d 1, 4. The trial court is free to change its ruling on the disputed evidence in its actual context at trial. Id. Accordingly, a proper objection must be raised at trial to preserve any claimed error. Collins v. Storer Communications, Inc.
(1989), 65 Ohio App.3d 443; State v. Grubb (1986), 28 Ohio St.3d 199. Specifically:
 {¶ 12} "[A] proponent who has been temporarily restricted from introducing evidence by virtue of a motion in limine, must seek the introduction of the evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." Id.
 {¶ 13} Plaintiff presented his case-in-chief but did not attempt to introduce Dr. Schonfeld's opinion testimony that Vay's August 11, 2003 x-ray reflected asbestosis. Defendant presented its case, including Vay's August 11, 2003 x-ray and its expert's opinion that the same did not indicate the presence of asbestosis. Following defendant's case, plaintiff moved the court to allow him to introduce Dr. Schonfeld's opinion that Vay's August 11, 2003 x-ray indicated the presence of asbestosis as rebuttal evidence. Defendant objected but the court allowed the evidence. The jury returned a verdict in favor of plaintiff.
 {¶ 14} "A party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief." Phung v. Waste Management, 71 Ohio St.3d 408, 410. "`The purpose of a rebuttal witness is to "explain, refute or disprove new facts introduced into evidence by an adverse party[.]"'" Seaford v. NorfolkSouthern Railway Co., Cuyahoga App. No. 83137, 2004-Ohio-6849, ¶ 79, quoting State v. McNeill (1998), 83 Ohio St.3d 438, 446. However, Loc.R. 21.1 applies to expert reports and testimony used for rebuttal purposes.Jarvis v. Witter, Cuyahoga App. No. 84128, 2004-Ohio-6628, ¶ 59, citingDolan v. Cleveland Builders Supply Co. (June 17, 1993), Cuyahoga App. No. 62711.
 {¶ 15} In this case, the trial court ultimately determined Dr. Schonfeld's opinion testimony was admissible. We do not believe the trial court's decision to allow the testimony was an abuse of discretion. It is within the trial court's discretion to change its ruling relative to a motion in limine as well as to determine whether parties are in compliance with Loc.R. 21.1 as well as the appropriate sanction for its violation. Pang, supra. Defendant knew the nature of Dr. Schonfeld's testimony prior to trial and had its own expert who offered a contradictory opinion. Plaintiff disclosed to Ford on July 2, 2004 that "Dr. Schonfeld may also express opinions based upon the radiographic evidence relied upon by Ford's experts." It logically follows that the nature of his testimony concerning that evidence would be favorable to plaintiff.
 {¶ 16} Some courts have permitted rebuttal evidence that could have been admitted in the case-in-chief. Seaford, supra, citing Obenour v.Bower (Aug. 19, 1994), Lucas App. No. L-93-319 and State v. Perry
(1996), 108 Ohio App.3d 709, 715. However, we find in this case plaintiff should have attempted to offer the expert testimony on this matter during his case-in-chief rather than as rebuttal evidence.
 {¶ 17} Evidence admitted in error is considered harmless and does not warrant reversal unless the standard of Civ.R. 61 is satisfied. Seaford,
supra at ¶ 88. Civ.R. 61 provides:
 {¶ 18} "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 {¶ 19} In this case, we find that the standard of Civ.R. 61 was not satisfied. Although the trial court initially granted Ford's motion in limine, that ruling was subject to modification during the course of the proceedings. The trial court has discretion over determining compliance with Loc.R. 21.1, the presentation of the evidence, and with regard to the admission or exclusion of evidence, including rebuttal testimony. Before trial commenced, Ford was aware that Dr. Schonfeld examined the 2003 x-ray and that he believed it indicated the presence of asbestosis. Ford presented testimony from its own expert that opined the 2003 x-ray did not indicate the presence of asbestosis. Accordingly, any error in allowing plaintiff to present the subject expert testimony as rebuttal evidence was harmless error.
 {¶ 20} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., Concur.