[Cite as *Slupski v. McGill Dev. Corp.*, 2025-Ohio-5235.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John P. Slupski, | : | |
| Plaintiff-Appellee, | : | No. 24AP-658 |
| | | (C.P.C. No. 21CV-6918) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| McGill Development Corporation, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on November 20, 2025

**On brief:** *Hrabcak & Company, L.P.A.*, *Michael Hrabcak*, and *Gregory A. Wetzel*, for appellee. **Argued:** *Gregory A. Wetzel*.

**On brief:** *Gordon Bibart, LLC*, and *John P. Gordon*, for appellant. **Argued:** *John P. Gordon*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, McGill Development Corporation ("McGill"), appeals the decision of the Franklin County Court of Common Pleas denying its motion for sanctions against plaintiff-appellee, John P. Slupski and his counsel. For the following reasons, we reverse.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} In May 2019, Slupski and McGill entered into a real estate purchase agreement ("agreement") evidencing Slupski's intent to purchase property owned by McGill for $2,600,000. The agreement gave Slupski a 180-day inspection period to assess the property and provide a notice to proceed to McGill, but the inspection period could be extended 60 days upon proper notice to McGill. Slupski could also terminate the

agreement by providing notice of termination or by taking no action during the inspection period.

{¶ 3} Slupski was required to obtain a no further action letter ("NFA") to secure financing, but never made any progress. McGill agreed to voluntarily pursue a NFA to assist the process but was not under any contractual obligation to do so.

{¶ 4} Slupski and McGill entered into a total of six amendments to extend the inspection period. Each amendment operated independently and provided the inspection period would not be further extended without McGill's agreement. Slupski's last inspection period ended on August 31, 2021.

{¶ 5} Slupski neither provided a notice to proceed nor requested an additional extension after August 31, 2021. On September 8, 2021, McGill terminated an exclusive real estate listing agreement with HR Realtors. On September 15, 2021, McGill demanded payment of a non-refundable security deposit Slupski had placed in escrow pursuant to the agreement.

{¶ 6} On October 29, 2021, Slupski filed an action for breach of contract, unjust enrichment, specific performance, and *lis pendens*. On December 22, 2021, McGill filed a motion to dismiss pursuant to Civ.R. 12(B)(6), and the trial court granted the motion on April 25, 2022.

{¶ 7} On May 23, 2022, McGill filed a motion for attorney fees and costs in defense of Slupski's frivolous claims, and the trial court conducted a hearing. Attorney Stephen Moyer testified as an expert witness on behalf of Slupski. On September 27, 2024, McGill's motion was denied. McGill now brings the instant appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following assignments of error for our review:

[1.] The trial court erred as a matter of law and abused its discretion in permitting [Stephen] Moyer to testify as a legal expert.

[2.] The trial court erred as a matter of law and abused its discretion in failing to impose sanctions against Slupski and his counsel under R.C. 2323.51(A)(2).

## III. STANDARD OF REVIEW

{¶ 9} There is not a single standard of review for appellate review of a ruling on a R.C. 2323.51 motion. *Briscoe v. U.S. Restoration & Remodeling, Inc.*, 2019-Ohio-5318 (10th Dist.). In reviewing a frivolous conduct matter, we must consider "whether the trial court's determination resulted from factual findings or a legal analysis." *Gianetti v. Teakwood, Ltd.*, 2018-Ohio-1621, ¶ 12 (10th Dist.). The question of whether a pleading is warranted under existing law, or can be supported by a good faith argument to extend or modify existing law is a question of law, which requires a legal analysis and is reviewed de novo. *Breen v. Total Quality Logistics*, 2017-Ohio-439 (10th Dist.).

{¶ 10} A trial court has broad discretion in determining the admissibility of expert testimony, and we review for an abuse of discretion. *Shaw v. Underwood*, 2017-Ohio-845 (10th Dist.). There is some degree of deference appropriate in reviewing a trial court's factual determinations and we will not disturb such determinations where the record contains competent, credible evidence to support such findings. *Ashley v. Kevin O'Brien & Assoc. Co. LPA*, 2023-Ohio-4677 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 11} McGill asserts as his first assignment of error that it was error to allow Attorney Moyer to testify as an expert witness. For the reasons below, we agree.

{¶ 12} McGill argued Slupski and his counsel engaged in frivolous conduct in filing the instant matter. The determination of frivolous conduct is judged using an objective standard that focuses on whether a reasonable attorney would have brought the action in light of existing law. *Groves v. Groves*, 2010-Ohio-4515 (10th Dist.). R.C. 2323.51 does not punish a litigant for bringing an unsuccessful claim, but instead addresses conduct that is not warranted under existing law. *Johnson v. Stachel*, 2020-Ohio-3015 (5th Dist.). Pursuant to R.C. 2323.51, a party adversely affected by frivolous conduct may be awarded sanctions in the form of court costs, attorney fees, or other reasonable expenses incurred in connection with defending the action. *Fornshell v. Roetzel & Andress, L.P.A.*, 2009-Ohio-2728 (8th Dist.).

{¶ 13} The purpose of expert testimony is to aid and assist the trier of fact in understanding the evidence presented and in arriving at a correct determination of the litigated issues. *McKay Machine Co. v. Rodman*, 11 Ohio St.2d 77 (1967). Expert testimony is allowed "to supplement the decision-making process of the 'fact finder' not to supplant

it." *Parnell v. Zielinski*, 2024-Ohio-1789, ¶ 24 (8th Dist.). The rule explicitly limits expert testimony to matters beyond the knowledge or experience of laypersons and excludes testimony on legal interpretations or conclusions. *Nicholson v. Turner/Cargile*, 107 Ohio App.3d 797 (10th Dist. 1995).

{¶ 14} Expert testimony is not admissible to assist the court in making its decision for issues that solely require a determination of a question of law. *Sikorski v. Link Elec. & Safety Control Co.*, 117 Ohio App.3d 822, 831 (8th Dist. 1997). "[A]n expert's interpretation of the law should not be permitted, as that is within the sole province of the court." *Wagenheim v. Alexander Grant & Co.*, 19 Ohio App.3d 7, 19 (10th Dist. 1983) (accountant testifying as an expert as to the duty to a client was an "opinion relating to the law" and should not have been permitted).

{¶ 15} We have found that "expert testimony regarding legal issues is simply not helpful" and should be excluded. *Waste Mgt. of Ohio, Inc. v. Bd. of Health of the City of Cincinnati*, 2005-Ohio-1153, ¶ 55 (10th Dist.). *See State v. Walsh,* 66 Ohio App.2d 85 (10th Dist. 1979) (attorney expert witness improperly performed the trial court's function of determining conclusions of law).

{¶ 16} An expert witness is not permitted to present opinion testimony as to questions of law. *State v. Lathon*, 2024-Ohio-5886 (10th Dist.). *Moore v. ThorWorks Indus.*, 2024-Ohio-1617 (6th Dist.). An attorney testifying as an expert is not permitted to give an opinion relating to the law, and it is an abuse of discretion to allow such opinion testimony. *Witzmann v. Adam*, 2011-Ohio-379 (2d Dist.). *See Ferron v. Video Professor, Inc.*, 2009-Ohio-3133, ¶ 74 (5th Dist.) (trial court prohibited an expert from testifying because the testimony "would provide legal conclusions regarding whether [plaintiff's] claims were warranted under law, which is the purview of the trial court"); *see also State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Comm.*, 2017-Ohio-9394 (2d Dist.) ( attorney's affidavit that offered expert legal opinion on questions of law before the court was rejected); *Adkins v. Armco Steel Co.,* 1996 Ohio App. LEXIS 1496, *8 (12th Dist. Apr. 15, 1996) (safety expert's opinion that a construction site was not inherently dangerous was an "interpretation of the law" and should not be permitted).

{¶ 17} Moreover, experts typically cannot testify regarding the interpretation of a legal instrument, which, absent ambiguity, constitutes a question of law. *Nicholson* at 806

("[d]espite the expert's opinion, issues concerning the existence of duty remain questions of law," and any such opinion should be disregarded). *See Mentor Exempted Village School Dist. Bd. of Edn. v. Lake Cty. Educational Serv. Ctr. Governing Bd.*, 2016-Ohio-7649 (11th Dist.) (trial court erred by considering expert's interpretation of a contract).

{¶ 18} The question of whether Slupski's conduct was frivolous was a legal question which required no expert testimony and was within the expertise and understanding of the trial court. *Waste Mgt. of Ohio, Inc.*, 2005-Ohio-1153, *supra.* The trial court may not be assisted by expert opinion testimony on purely legal issues. *Am. Energy Corp. v. Datkuliak,* 2007-Ohio-7199 (7th Dist.).

{¶ 19} The trial court acknowledged that it relied upon Attorney Moyer's interpretation of the law in reaching its conclusion. Slupski only presented the expert testimony of Attorney Moyer at the sanctions hearing and did not have any other witnesses. Attorney Moyer acknowledged that his testimony would be a combination of law and fact. Attorney Moyer also opined in an affidavit that Slupski's complaint was legally supported under existing law and was not frivolous.

{¶ 20} Expert testimony is proper only if it would "assist the trier of fact to understand the evidence or to determine a fact issue." *O'Brien v. DOT*, 2019-Ohio-724, ¶ 63 (10th Dist.), quoting *State v. Williams*, 4 Ohio St.3d 53 (1983). *See also Hubbard v. Defiance*, 2013-Ohio-2144 (3d Dist.). There are no facts in dispute in this matter. In fact, in its decision granting McGill's motion to dismiss, the trial court confirmed that no set of facts exist that would support a claim of waiver or course of conduct. Therefore, the trial court should have rejected Attorney Moyer's opinion testimony.

{¶ 21} Slupski contended that even if an expert opined on issues of law and fact, any impermissible legal opinions would have been harmless error. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Vay v. Ford Motor Co.*, 2005-Ohio-3710, ¶ 18 (8th Dist.). An error which effects substantial rights must be prejudicial and impact the outcome of a case. *Hayward v. Summa Health Sys.*, 2014-Ohio-1913.

{¶ 22} Improper expert testimony has been deemed harmless error only when additional information, independent of the erroneously admitted evidence, proves that which the disputed testimony was offered to prove. *Lessler v. Ohio State Univ. Hosps.*,

1997 Ohio App. LEXIS 1972 (10th Dist. May 8, 1997). If the testimony is cumulative of other properly admitted evidence, there is no prejudice and any error is harmless. *Jenkins v. Grawe*, 2019-Ohio-2013 (10th Dist.).

{¶ 23} Attorney Moyer was Slupski's sole witness and he offered the only testimony adverse to McGill's position. The trial court relied on Attorney Moyer's opinion in determining there was no frivolous conduct, which suggests that the error was not harmless. *Havanec v. Havanec*, 2008-Ohio-6966 (10th Dist.). *See In re Walker,* 2003-Ohio-799 (hearsay statements not harmless error because trial court expressly relied on statements). Given the nature of the testimony, we cannot say that it was not prejudicial to McGill and did not affect its substantial rights. It was not harmless error for the trial court to "abdicate its role as finder of law" and allow Attorney Moyer to present opinion testimony on a matter of law. *Sikorski*, 117 Ohio App.3d at 831, quoting *Payne v. A.O. Smith Corp.*, 627 F.Supp. 226, 228-29 (S.D.Ohio 1985). *See Cupp v. Kudla*, 2004-Ohio-5528 (7th Dist.) (expert witness cannot state an opinion that amounts to a conclusion of law because the testimony would conflict with the trial court's authority).

{¶ 24} Attorney Moyer had nothing to "aid the trier of fact in performing its fact-finding function," but instead improperly interpreted the law and provided legal opinions to the trier of fact. *Jarvis v. Hasan*, 2015-Ohio-1779, ¶ 25 (10th Dist.). We believe it was error to allow expert testimony on legal issues. For the reasons above, McGill's first assignment of error is sustained.

{¶ 25} Having concluded that the trial court erred by permitting expert testimony on legal issues, we decline to address the merits of McGill's second assignment of error, as the issue is moot, and not ripe for determination. *State ex rel. Avalon Precision Casting v. Indus. Comm.*, 2005-Ohio-2297 (10th Dist.).

## V. CONCLUSION

{¶ 26} Based on the foregoing reasons, we sustain McGill's first assignment of error and render his second assignment of error as moot. The decision of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court to address the amount of the sanctions in accordance with R.C. 2323.51.

*Judgment reversed.*

JAMISON, P.J. and EDELSTEIN, J., concur.

_____